**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ELNORIA HOWELL,               :
                                  :
       Plaintiff,           :
                                    :
vs.                          :     CIVIL ACTION NO. 1:20-cv-502-TFM-M
                                    :
BALDWIN COUNTY BOARD OF    :
EDUCATION, *et al.*,            :
                                    :
       Defendants.      :

## <u>ORDER</u>

Pending before the Court is *Defendants' Joint Motion to Strike Plaintiff's Response to Motion for Summary Judgment or, in the Alternative, to Extend Defendants' Deadline for Replying to Same*. Doc. 129, filed February 24, 2023. Defendants Baldwin County Board of Education, Jennifer Sinclair, and Eddie Tyler (collectively, "Defendants") jointly request the Court strike Plaintiff Elnoria Howell's response to their pending joint motion for summary judgment and extend Defendants' deadline to file their reply to the same, pending the Court's ruling on the instant motion. *Id.* Defendants subsequently filed a supplement and second supplement to their joint motion to strike and Plaintiff filed an objection to the same. Docs. 130, 132, 133. The Court set the joint motion to strike for a telephone conference, which was held on March 2, 2023. Doc. 131.

On January 17, 2023, the Court granted Defendants' motion to exceed the page limit for principal briefs, established by S.D. Ala. CivLR 7(e), and increased their page limit to fifty (50) pages for their joint motion for summary. Docs. 106, 107. Defendants filed their joint motion for summary judgment and brief in support, which was forty-eight (48) pages in length, not including "any caption, cover page, table of contents, table of authorities, and signature block." S.D. ALA.

CivLR 7(e); Docs. 114, 116, 129.  In turn, Plaintiff filed separate motions for additional time to respond to Defendants' joint motion for summary judgment and exceed the page limit for their response brief, which the Court granted, and, importantly, the Court expanded the page limit to fifty (50) pages for the response brief.  Docs. 122, 123, 124.  Plaintiff timely filed her response to the joint motion for summary judgment as well as a separate proposed statement of facts, which are approximately fifty-three (53) and twenty-eight (28) pages in length, respectively, not including "any caption, cover page, table of contents, table of authorities, and signature block." S.D. ALA. CivLR 7(e).

Fed. R. Civ. P. 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f); *see also* 2 James Wm. Moore, *et al*., Moore's Federal Practice § 12.37[2] (3d ed. 2013) ("Only material included in a 'pleading' may be subject of a motion to strike.").  Pleadings include "a complaint," "an answer to a complaint," an answer to a counterclaim designated as a counterclaim," an answer to a crossclaim," "a third-party compliant," "an answer to a third-party complaint," and "a reply to an answer."  FED. R. CIV. P. 7(a)(1)-(7).

While Defendants motion the Court strike Plaintiff's response to the joint summary judgment, a response to a motion is not a "pleading" that may be struck pursuant to the Federal Rules of Civil Procedure.  Instead, the Court will disregard Plaintiff's response to the joint motion for summary judgment and proposed statement of facts and allow Plaintiff additional time to file a response not to exceed fifty (50) pages in length as well as extend the time for Defendants to file their reply.  Additionally, due to the extended briefing schedule for the joint motion for summary judgment, the Court finds it necessary to reset the pre-trial conference and trial of this matter.

Accordingly, Defendants' joint motion to strike (Doc. 129) is **GRANTED in part and DENIED in part**. Defendants' motion is **GRANTED** as to their request that the Court extend the deadline to file their reply to the joint motion for summary judgment. Defendants' motion is **DENIED** as to their request that the Court strike Plaintiff's response to the joint motion for summary judgment. Plaintiff's response to the joint motion for summary judgment is due by **March 16, 2023**, and is not to exceed fifty (50) pages in length total, and Defendants' reply is due by **March 30, 2023**, and must conform to the requirements set forth in Rule 56 of the Federal Rules of Civil Procedure and S.D. Ala. CivLR 7 and 56.

The parties are reminded they are required to submit a paper courtesy copy of briefs and supporting evidence to the Chambers of the undersigned if the documents exceed thirty (30) pages. The courtesy copy shall be bound in a three-ring binder and tabbed.

Additionally, the Court's Second and Final Amended Rule 16(b) Scheduling Order (Doc. 59), as amended (Doc. 64), is **AMENDED** as follows:

1.      <u>FINAL PRETRIAL CONFERENCE</u>.   This action is set for a final pretrial conference before the District Judge on **August 18, 2023, at 10:00 a.m.  This is a <u>firm</u> setting and the parties are expected to be ready for trial on that date.**

2.      <u>TRIAL</u>.  This action is set for jury selection on **August 29, 2023, at 8:45 a.m.**, and for trial sometime during the month of **September 2023**, the specific date to be set once the total number of actions going to trial is determined.  The parties estimate that the trial of this action will take **4 days.**

All other deadlines in the Second and Final Amended Rule 16(b) Scheduling Order, as amended, not referenced herein remain in effect.

**DONE** and **ORDERED** this the 3rd day of March 2023.

s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE